Yaakov Y. Klein, Esq., [SBN 290277]
FRANKEL RUBIN KLEIN DUBIN SIEGEL & PAYNE, P.C.
231 S. Bemiston Avenue, Suite 1111
Clayton, Missouri 63105
Tel: (314)725-8000 / Fax: (314) 726-5837
Email: yklein@frankelrubin.com

Attorney for Plaintiff
JAKOB MEDVE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JAKOB MEDVE | CASE NO.: 8:17-cv-00037-AG-DFM |
| Plaintiff, | **JAKOB MEDVE'S AMENDED COMPLAINT FOR:** |
| vs. | **(1) BREACH OF CONTRACT** **(2) BREACH OF IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING** |
| ALLSTATE INSURANCE COMPANY, | **(3) NEGLIGENCE** **(4) UNFAIR COMPETITION (Bus. & Prof. Code § 17200 et seq.)** |
| And, | Hon. Judge Guilford |
| GARY JOLLIFF | **JURY TRIAL DEMANDED** |
| Defendants. | |

COMES NOW, Plaintiff Jakob Medve (hereinafter referred to as "MEDVE"), by and through its undersigned counsel, pursuant to F.R.Civ.P. 15(a)(2) and Judge Fish's Order [Doc #9] entered January 6, 2017 granting MEDVE thirty (30) days by which to file an amended complaint after the opening of this action, alleges as follows in his Amended Complaint (hereinafter referred to as "Complaint") against Defendant ALLSTATE INSURANCE COMPANY (hereinafter referred to as

"ALLSTATE") and Defendant GARY JOLLIFF (hereinafter referred to as "JOLLIFF"):

## **GENERAL ALLEGATIONS**

1.     At all times pertinent herein, MEDVE is an individual owning property in the County of Orange, State of California.

2.     At all times pertinent herein, ALLSTATE is and was an Illinois for-profit corporation, with its principal place of business located in Cook County, Illinois, and doing business in the State of California.

3.     MEDVE is informed and believes that at all times pertinent herein, JOLLIFF is and was a resident of Orange County, and/or resided and conducted business, which such events give rise to this action, within Orange County with an address of 1475 Glenneyre St., Laguna Beach, California 92651.

4.     The Court has subject matter jurisdiction over this case as the same was transferred to this Honorable Court from the Northern District of Texas, Dallas Division, with such case known as 3:16-cv-03159.

5.     The Court has personal jurisdiction over ALLSTATE because ALLSTATE is, and was, at all times in the Complaint, doing business in the State of California, including Orange County.  Further, personal jurisdiction is proper due to the Order [Doc 9].

///

6.      The Court has personal jurisdiction over JOLLIFF because JOLLIFF is, and was, at all times in the Complaint, a resident or conducted business within Orange County, California.

## FACTUAL ALLEGATIONS

7.      MEDVE has in full force and effect a written insurance policy (hereinafter referred to as the "Policy") with ALLSTATE insuring MEDVE as a named insured against property damage for the residence located at 2825 Zell Drive, Laguna Beach, California 92651 (hereinafter referred to as "Residence"). A copy of the Policy is lodged before this Court at Doc 5-1, Exhibit A, Policy.

8.      Prior to MEDVE obtaining insurance from ALLSTATE, ALLSTATE advised that MEDVE must replace his well-functioning wooden roof as a condition precedent to procuring insurance.

9.      There were no defects on MEDVE's prior roof at the time of the request; however, ALLSTATE wanted MEDVE to obtain a metal roof, the same roof which is the subject of the case at bar, as ALLSTATE maintained that his metal roof was more suitable to withstand the elements of Laguna Beach.

10.     MEDVE replaced his roof at his sole cost and expense at the request of ALLSTATE so he could obtain insurance on the Residence.

///

///

11.     The Policy was sold by JOLLIFF, an agent for ALLSTATE, with the assurance, and reasonable expectation, that the Policy would cover damage that occurred to the Residence.

12.     All premiums due under the Policy have been fully paid by or on behalf of MEDVE and MEDVE has fully performed, or has been excused from performing, all terms and conditions required by the Policy.

13.     On or about January 31, 2016, a storm passed through the area of the Residence and damaged the Residence.  Specifically, tiles and gutters were blown off by the wind, and the roof shifted and was dented as a result of such wind.

14.     The wind damage rendered the roof in poor condition and it was necessary to remove and replace the roof of the entire Residence with a new one.

15.     The Policy covers wind damage and as such, the replacement of the roof is a loss covered under the Policy.

16.     MEDVE timely notified ALLSTATE of the wind storm and damage caused as a result and repeatedly demanded that ALLSTATE cover the claim to replace the entire roof.

///

///

///

///

17.    Further, Medve retained the opinion of an independent engineer which such engineer's report concluded that the roof was in poor condition due to the wind storm and recommended that the roofing materials and water proofing membranes be removed and replaced in its entirety and in compliance with current California Building Codes and City of Laguna Beach Building Codes and regulations.

18.    MEDVE provided the independent engineer's report to ALLSTATE for review.

19.    Despite such multiple demands from MEDVE, and the independent engineer's report, ALLSTATE unreasonably denied and refused to provide coverage and replace MEDVE's roof.

20.    As a result of ALLSTATE's refusal to replace the subject roof, MEDVE has sustained additional roof leaks and mold damage caused by rain and wet walls within the Residence.

21.    Additionally, as a result of ALLSTATE's continued refusal and delay to replace the subject roof while it continues to rain, MEDVE has sustained further damage to the kitchen, as well as, other areas within the Residence, which has restricted MEDVE from living in the lower level area of his Residence.

## FIRST CAUSE OF ACTION
### (Breach of Contract Against Allstate)

22.    Plaintiff alleges and incorporates herein by reference each of the allegations of paragraphs 1 through 21.

23.    Under the express terms and condition of the Policy, ALLSTATE owes a duty to fully cover and pay on behalf of MEDVE all sums for which MEDVE has to pay to replace the roof.  Notwithstanding such duty, ALLSTATE denied coverage and failed and/or refused to pay for the replacement of the roof.

24.    As a proximate result of ALLSTATE's breach, MEDVE has been damaged in the approximate amount of Fifty Six Thousand Three Hundred Seventy Two Dollars and Forty Five Cents ($56,372.45), the amount to remove and replace the roof.

25.    As a proximate result of ALLSTATE's breach, MEDVE has been damaged in an amount still to be determined for the repair of roof leaks, mold, wet walls within the Residence, damage to the kitchen and inability to utilize the lower level area of his Residence.

## SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Allstate)**

26.    Plaintiff realleges and incorporates herein by reference each of the allegations of paragraph 1 through 25, inclusive.

///

///

///

///

---

27.    In every contract of insurance, including without exception the Policy issued by ALLSTATE, there is an implied covenant of good faith and fair dealing that the insurer will do nothing to unfairly deprive the insured of the benefits of the contract or to place its own interest before the interest of the insured.  ALLSTATE, having issued the Policy to MEDVE, was at all times materially bound to said implied covenant of good faith and fair dealing.

28.    In the course of denying coverage for replacing the subject roof, ALLSTATE breached the implied covenant of good faith and fair dealing by, inter alia, the following:

a.    Failing to fully and thoroughly investigate MEDVE's claim for coverage,

b.    Falsely asserting that the damage to the subject metal roof was based upon foot traffic, even though the damage was clearly caused by the elements and should have been covered by the subject insurance policy.

c. Failing to honor its promise and commitment to insure MEDVE against wind damage to the subject metal roof. ALLSTATE had required that MEDVE install the subject metal roof as a condition precedent to issuing the subject insurance, promising to insure MEDVE against wind damage after the metal roof was installed. Yet, acting in

bad faith, ALLSTATE denied that the damage was incurred through wind and falsely asserted that that the damage was caused through the foot traffic and/or negligence of MEDVE's agents.

d.      Delaying resolution of MEDVE's claim by asserting coverage defenses that were legally and/or factually invalid;

e.      Placing unduly restrictive interpretations of its Policy terms for the purpose of denying coverage due under the Policy;

f.      Failing to pay for a reasonable roof replacement;

g.      Forcing MEDVE to institute litigation to recover amounts due under the Policy;

h.      Failing to give MEDVE's interest equal consideration to its own interest;

i.      Failing to modify its coverage position as additional information was provided by Medve.

29.    On information and belief, ALLSTATE engaged in the above course of conduct for the purpose of placing its own interests above those of MEDVE, its insured, and withheld from MEDVE the rights and benefits to which MEDVE is entitled under the Policy.

30.    ALLSTATE's unreasonable failure to pay the Policy benefits was a substantial factor in causing MEDVE harm.

31.    Specifically, as a proximate result of ALLSTATE's breaches, MEDVE has been damaged in that he incurred expenses to replace the subject roof in the approximate amount of Fifty-Six Thousand Three Hundred Seventy-Two Dollars and Forty-Five Cents ($56,372.45), all without the benefit of the Policy for which MEDVE has paid valuable premiums. Further, as a proximate result of ALLSTATE's breach, MEDVE has been damaged in an amount still to be determined for the repair of roof leaks, mold and wet walls within the Residence, damage to the kitchen, and inability to utilize the lower level area of his Residence caused by ALLSTATE's failure and refusal to replace the roof.    Additionally, MEDVE has sustained and will continue to sustain attorneys' fees and costs in prosecuting this coverage action against ALLSTATE.

32.    ALLSTATE's conduct as alleged was despicable, oppressive and fraudulent, and was performed with a conscious disregard of MEDVE's rights, thereby justifying exemplary and punitive damages against ALLSTATE in an amount sufficient to punish it for the severity of its conduct, to make an example of it and to deter such conduct in the future.

### THIRD CAUSE OF ACTION
### (Negligence Against Jolliff)

33.    Plaintiff realleges and incorporates herein by reference each of the allegations of paragraph 1 through 32.

34.    MEDVE obtained insurance for his Residence through ALLSTATE at the direction of his agent, JOLLIFF.

35.    JOLLIFF represents himself as an expert in the local Orange County area and an individual who is familiar with the community. See https://agents.allstate.com/gary-jolliff-laguna-beach-ca.html ("As a Personal Financial Representative in Laguna Beach, I know many local families. My knowledge and understanding of the people in this community help me provide customers with an outstanding level of service. I look forward to helping families like yours protect the things that are important – your family, home, car and more. I can also help you prepare a strategy to achieve your financial goals.").

36.    Based on this representation that JOLLIFF knows the area, and a reasonable expectation that he knows which coverage would protect MEDVE's Residence, MEDVE entrusted JOLLIFF and obtained insurance on his Residence, including, but not limited to, coverage for wind damage as such conditions are common in the Laguna Beach area.

37.    JOLLIFF owed a duty of care to MEDVE to ensure that he sold MEDVE the appropriate policy which would cover damage to his Residence in such ordinary conditions which JOLLIFF claimed to be familiar with.

///

///

38.    Despite MEDVE's reliance that he would be protected from normal conditions within the area which would subject his Residence to damage, as well as MEDVE replacing his wood roof to a metal roof, per the direction of the insurer, ALLSTATE has continued to refuse to cover his claim for a roof replacement.

39.    JOLLIFF was negligent in selling MEDVE a policy that would not cover the type of damage which MEDVE incurred at his Residence.

40.    Alternatively, JOLLIFF was negligent in not informing MEDVE that, based upon his experience in the local area, ALLSTATE would deny the subject claim.  Consequently, rather than JOLLIFF sell MEDVE the subject Policy which, he knew or should have reasonably known, would not provide coverage for his claim, JOLLIFF should have recommended that MEDVE purchase insurance through a different insurance company.

41.    As a direct and proximate result of JOLLIF's breach of his respective duties of care as an agent identified above, MEDVE has suffered damages, including but not limited to, financial harm.

42.    JOLLIFF's breach of his duty of care was a substantial factor in causing MEDVE's harm.

///

///

///

43.    Although JOLLIFF was aware of the consequences of his actions, he willfully and consciously disregarded the rights of MEDVE for his own pecuniary gain by selling MEDVE the Policy which would not cover the damage to his Residence.

44.    JOLLIFF's actions were wanton and willful, thereby justifying exemplary and punitive damages against JOLLIFF.

### FOURTH CAUSE OF ACTION
### (Unfair Competition Law § 17200 Against Allstate)

45.    Plaintiff realleges and incorporates herein by reference each of the allegations of paragraph 1 through 44.

46.    ALLSTATE engaged in unfair, deceptive, untrue, and/or misleading advertising under UCL, Bus and Prof. Code § 17200, in connection with the sale of the Policy to MEDVE.

47.    ALLSTATE represents to its insured that "You're in Good Hands". This advertisement is utilized by ALLSTATE to influence the insured that ALLSTATE will take care of the insured's needs in a fair and compassionate manner, all to the benefit of the insured, including but not limited to, timely payment of proper coverage in the event the insured suffers a covered loss. This is further demonstrated by ALLSTATE within its website advertisement:

///

///

"Protect your home inside and out with a homeowners insurance policy from Allstate. You'll have access to an insurance agent who can explain how you are covered by an Allstate policy and answer any questions you may have. Your home is where the heart is-and it's one of the biggest assets you have. Put it in Good Hands."

See https://www.allstate.com/home-insurance.aspx

48.    However, ALLSTATE has no intention of properly paying the true value of its insured's covered claims. This is demonstrated by ALLSTATE denying MEDVE's claim to replace the entire roof after MEDVE installed the subject roof per the requirement of ALLSTATE that it would insure MEDVE for wind damage, as well as, alleging false assertions that the subject roof was damaged through foot traffic.

49.    ALLSTATE had and has no intention of honoring such advertised promises that "You're in Good Hands".

50.    MEDVE relied on ALLSTATE's advertised promises in his decision of purchasing and continuing to renew the subject insurance Policy.

51.    MEDVE suffered damages to his Residence as a result of ALLSTATE's deceptive and/or misleading advertisement as MEDVE purchased a Policy which ALLSTATE refuses to pay the true value of MEDVE's covered claim, as well as, the cost for the new roof.

## PRAYER

WHEREFORE, MEDVE prays this Honorable Court enter judgment in favor of MEDVE and against ALLSTATE and JOLLIFF, jointly and severally, as follows:

1.  On the First, Second and Third Causes of Action, for actual damages and special damages in a sum according to proof;

2.  On the Second and Third Causes of Action, for attorney's fees and punitive damages, in a sum according to proof;

3.  On the Fourth Cause of Action for damages allowed in accordance with the UCL;

4.  On all causes of action, for pre-judgment and post-judgment interest thereon at a maximum legal rate;

5.  For costs of suit incurred herein; and

6.  For all such other and further relief as the Court deems just and proper.

DATED: February 6, 2017

                    Respectfully submitted,

                    FRANKEL, RUBIN, KLEIN, DUBIN,
                       SIEGEL & PAYNE, P.C.


                    By:/s/ Yaakov Y. Klein_____
                       Yaakov Y. Klein, Esq.
                       Attorney for Plaintiff, JAKOB MEDVE